## ARKANSAS CENTRAL R. R. Co. VS. McKAY.

MECHANICS LIEN:    *Pleading.*

> A complaint, to warrant a judgment *in rem* on a mechanic's lien, must show that the account was filed in the Clerk's office within ninety days, and a full compliance with the statute in other respects.

ERROR to *Phillips* Circuit Court.

Hon. THOMAS B. HANLY, Special Judge.

*Charles C. Waters,* for appellant.

Verdict erroneous, because it declares a lien on specific property.

There should be general judgment only. It is not within the requirements of a mechanics lien. Gantt's Digest, sec. 4067; Gould's Digest, ch. 112, p. 768, sec. 8. No lien against a railway. *Dano* v. *M., O. & R. R. R. R. Co.*, 27 Ark., 564; Redfield's Railways, vol. 1, p. 443; Houck's Law of Liens, p. 160, sec. 155; *McPheters* v. *Mer. Bridge Co.*, 28 Mo., 468; *Dunn* v. *North Missouri R. R.*, 24 Mo., 493.

ENGLISH, CH. J.:

The complaint in this case is as follows:

"The plaintiff (John A. McKay) states that he is a contractor and builder, lately doing business in the City of Helena, etc., etc., and that on or about the — day of —, 1872, he entered into a verbal agreement with the defendant (Arkansas Central Railroad Company) to construct a certain depot house, platform, railing, steps, walks, and four privies, on lots numbered 16, 17, 18, 19 and 20, in block No. 4, in that part of the City of Helena known as New Helena, the said defendant agreeing to pay therefor the sum of $1,549.68, the plaintiff agreeing to perform the labor in the construction of the same for said sum. That in accordance with the said agreement, plaintiff proceeded to erect said depot house, platform, railing, steps, walks and privies, and, on or about the 10th day of September, 1873, the said work was completed in pursuance of the agreement aforesaid. That on the 20th day of December, 1872, the said defendant paid plaintiff the sum of $400, leaving a balance due on said contract of the sum of $1,149.68 wholly unpaid, etc., which amount plaintiff claims is a lien on said depot house, platform, railings, steps, walks, and privies, hereinbefore described.

"Plaintiff prays judgment for said sum of $1,149.68, and that the same be declareed a lien on the above described premises," etc.

The defendant demurred to the complaint on the ground that the facts therein stated did not constitute a cause of action, etc.

The court overruled the demurrer, after which the plaintiff asked, and obtained leave to amend the complaint, but it does not appear what, if any, amendment was made.

Defendant saying nothing further in bar or preclusion of plaintiff's demand, a jury was empanelled, the cause submitted to them, and a verdict returned in favor of plaintiff for the sum claimed with interest, and that the same was a lien upon the property described in the complaint.

Judgment against defendant for the amount found by the verdict to be due to the plaintiff, and the property condemned to be sold to satisfy the debt, etc.

Defendant brought error.

The complaint does not aver all the facts necessary to constitute a valid builder's lien under the provisions of the statute.

It does not aver that within ninety days after the work was done, or at any time, an account properly verified, etc., of the demand, etc., with a description of the property to be charged with the lien, was filed in the office of the Clerk of the Circuit Court, etc. Gantt's Digest, secs. 4060, 4067; *Hicks et al.* v. *Branton et al.*, 21 Ark., 186.

The complaint was sufficient to warrant a judgment *in personam* against the plaintiff in error, but not a judgment *in rem*.

The judgment must be reversed, and the cause remanded to the court below with instructions to permit the defendant in error to amend his complaint, and for further proceedings, etc.